# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               Case No. 07-CR-318

**JERMAINE BELL**
   **Defendant.**

## ORDER

On October 31, 2008, I sentenced defendant Jermaine Bell to 120 months in prison on his guilty plea to possession with intent to distribute 50 grams or more of crack, 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and 60 months consecutive on his guilty plea to possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c) – both the minimum terms required by statute – for a total of 180 months. Defendant took no appeal, but on May 24, 2010, he filed a motion for post-conviction relief under 28 U.S.C. § 2255.

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, I must conduct a preliminary review of the motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

In his motion, defendant claims that his lawyer provided ineffective assistance of counsel. In order to establish ineffective assistance, defendant must show that his lawyer performed deficiently and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 688 (1984). To meet his burden on the performance prong, defendant must establish specific acts or omissions of his counsel falling outside the wide range of professionally competent assistance. Id. at 687-89. To demonstrate prejudice, defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. If, as is often the case, it is easier for the court to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course may be followed. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Defendant contends that his lawyer provided ineffective assistance at sentencing when he did not request that the court impose sentence pursuant to a 1:1 crack to powder cocaine ratio. He further claims that his lawyer never went over the pre-sentence report ("PSR") with him, did not object based on the PSR's use of the wrong offense level, never discussed with him the 1:1 crack to powder ratio that the court could apply at sentencing, and did not object to his being sentenced based on a 100:1 ratio.

Defendant cannot demonstrate prejudice based on these allegations. The sentences I imposed were the minimum terms required by statute. Even if counsel had objected to the guideline calculations in the PSR and asked me to implement a 1:1 ratio, the result would have been the same. Defendant seems to believe that under Spears v. United States, 129 S. Ct. 840 (2009) and Kimbrough v. United States, 552 U.S. 85 (2007), I could have disregarded the statutory mandatory minimum sentence he faced on the crack cocaine count, but that is not

2

the law.  Spears and Kimbrough addressed the district court's authority to vary from the advisory sentencing guidelines; neither case provides authority for the court to sentence below the mandatory minimum required by statute.  See, e.g., United States v. Brandon, No. 09-4639, 2010 WL 1734973, at *2 (4th Cir. Apr. 30, 2010) ("Neither Kimbrough nor United States v. Spears, 129 S. Ct. 840 (2009), gives the district court authority to depart below the statutory mandatory minimum."); United States v. Harris, 567 F.3d 846, 852 (7th Cir. 2009) ("After Kimbrough, sentencing courts are still bound by the minimum sentences set forth in the United States Code[.]"); see also Kimbrough, 552 U.S. at 108 ("And as to crack cocaine sentences in particular, we note a congressional control on disparities: possible variations among district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act."). Aside from his contention that I should have used a different base offense level – presumably one treating crack and powder equally – he points to no specific flaws in the PSR.  Therefore, even if counsel failed to review the report with him, defendant demonstrates no prejudice.[1]

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] As part of his plea agreement with the government, defendant agreed that his offense involved more than 50 grams of crack cocaine, 68.38 grams to be precise.

3

Case 2:07-cr-00318-LA    Filed 06/01/10    Page 3 of 3    Document 28